## CANDEA v ASH, et al.

### Case No. CL 87-3425 AJ

Fifteenth Judicial Circuit, Palm Beach County

February 14, 1990

## OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

### *ORDER DENYING DEFENDANTS' MOTION TO INTERVIEW TREATING PHYSICIANS EX PARTE*

This case came before the court on December 27, 1989 on the motion of the defendants for leave to confer with treating physicians. The court received memoranda in support of the parties' positions by February 6, 1990. At the court's request, proposed orders were also submitted by the parties.

The court has entertained argument of counsel, and reviewed the legal memoranda and case authority in support of the parties' positions. The court makes the following findings:

1. Section 455.241, Florida Statutes (1989) creates a physician/patient privilege and a limited waiver of that privileges. The statute is, therefore, substantive not procedural. The statute is an attempt by the Florida legislature to make Florida law similar to that of other jurisdictions; the language of Section 455.241 provides that a waiver of the physician/patient privilege by filing a lawsuit is an implicit consent to the methods of discovery allowed by the rules of civil procedure, like subpoena of records and taking of depositions; filing a lawsuit does not constitute an implicit consent to ex parte conferences.

2. Section 455.241 creates no new rules or methods of discovery and, therefore, does not invade the rule making authority of the Florida Supreme Court.

3. The court rejects the defendants' arguments that the plaintiff has, legally or factually, waived ex parte contact with her other treating physicians. The waiver is limited to court-authorized discovery methods.

4. The court rejects the defendants' argument that Section 455.241 excludes medical malpractice actions from the privilege established by the statute. Pursuant to the legislative history of the statute and the statutory language, medical malpractice defendants can discuss a patient's case with their attorney, with the patient's other treating physicians, or when compelled to do so at deposition, hearing or trial in the medical malpractice lawsuit brought by the plaintiff.

It is hereby ORDERED that the defendants' motions to allow ex parte conferences with the plaintiff's other treating physicians are denied.

DONE and ORDERED in West Palm Beach, Palm Beach County, Florida, this 14th day of February, 1990.